IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSANGELA RIVERA-TORRES, ET AL., <br><br>     Plaintiffs, <br><br>                v. <br><br> DR. WILLIAM RUIZ-VALE, ET AL., <br><br>     Defendants. | **Civil No. 13-1684 (SEC)** |

## OPINION AND ORDER

Rosángela Rivera, on behalf of herself and her children (collectively, Plaintiffs), brought this medical malpractice action against several physicians and medical entities involved in the delivery and postnatal care of her daughter, V.O.R.[1] Among other entities, Plaintiffs sued Pediatrix Medical Group of Puerto Rico, P.S.C. (Pediatrix PR), as the entity that provided neonatal services at the Presbyterian Community Hospital (PCH) and which employed the neonatologists who intervened in V.O.R.'s postnatal care.

In its first responsive pleading, Pediatrix PR admitted that it was the neonatologists' employer. See Docket # 36, ¶ 8. During discovery, however, one of the neonatologists, Dr. Hector Díaz, declared that his actual employer was not Pediatrix PR, but rather MedNax, Inc. (MedNax), a publicly traded corporation. Shortly thereafter, with the Court's leave,[2] Plaintiffs filed a fourth amended complaint joining MedNax and Pediatrix Medical Group, Inc. (Pediatrix USA), both of which are

---

[1] For a detailed factual and procedural background of this case, see the Court's previous opinion in Rivera-Torres v. Ruiz-Vale, Civ. No. 13-1684 (SEC), 2016 WL 3645155 (D.P.R. June 30, 2016).

[2] The Court granted Plaintiffs' motion for leave to file its fourth amended complaint after it remained unopposed almost two months. See Docket ## 120 & 129.

**Civil No. 13-1684 (SEC)**                                                          **Page 2**

registered with the same address in the state of Florida.[3] Plaintiffs also joined Pediatrix Medical Group, S.P., a Puerto Rico special partnership (hereinafter, the Pediatrix Partnership) that is named as the employer in the neonatologists' employment agreements. This last pleading alleges that the newly joined defendants, together with Pediatrix PR, "were at all times [relevant to] this case the employers of some or all [the] neonatologists." Docket # 130, ¶ 8.

MedNax and Pediatrix USA quickly filed a joint motion to dismiss under Fed. R. Civ. P. 12(b)(6). Docket # 163. There, these corporate defendants did not challenge the sufficiency of the allegations regarding the neonatologists' purported negligence. Rather, they argued that the fourth amended complaint lacks well-pleaded factual allegations to establish that MedNax or Pediatrix USA have an employment relationship with the neonatologists. Alternatively, they asserted that the employment agreements attached to their motion show that the Pediatrix Partnership is the neonatologists' employer.

In response, Plaintiffs conceded that their claims against MedNax and Pediatrix USA depend on the alleged employment relationship between these corporations and the neonatologists. See Docket # 198, p. 8. Notwithstanding, they argued that Dr. Diaz's deposition testimony "dispels any doubt that as a fact" he has an employment relationship with MedNax. Id., p. 9. Plaintiffs also pointed out that the employment agreements where the Pediatrix Partnership appears as the employer are inconsistent with Pediatrix PR's earlier admission that it was the neonatologists' employer. Moreover, they noted that although the agreements state that the Pediatrix Partnership is a local entity, the only address provided therein is Pediatrix USA's address in the State of Florida. Given this conflicting evidence, Plaintiffs argued that the motion to dismiss motion should be converted into a motion for summary judgment, see Fed. R.

---

[3] According to its 10-K report, MedNax "is the successor to Pediatrix [USA]." MedNax, Inc., Annual Report (Form 10-K) (Feb. 11, 2016), available at
https://www.sec.gov/Archives/edgar/data/893949/000119312516459842/d126581d10k.htm

Civ. P. 56(d), and that they should be allowed to conduct discovery before the Court ruled on the motion. Specifically, Plaintiffs deemed paramount to conduct discovery regarding the neonatologists' W-2 forms and payment checks, to ascertain whether MedNax and Pediatrix USA could be deemed joint employers of the neonatologists.

On February 12, 2016, the Court issued an order denying the motion to dismiss without prejudice. Docket # 214. The Court agreed with MedNax and Pediatrix USA that the fourth amended complaint lacks well-pleaded allegations to establish an employment relationship between these entities and the neonatologists. However, given the conflicting evidence—Dr. Díaz's testimony saying that MedNax is his actual employer, Pediatrix PR's admission that it was the neonatologists' employer, and the Pediatrix Partnership's appearance as the employer in the employment agreements— the Court surmised that a further amendment to the complaint could perhaps establish sufficient factual allegations to survive the motion to dismiss.

By that point, the Court had already warned the parties that because this case was nearing the three-year mark, it would be handled expeditiously. See Docket # 155. Considering that Plaintiffs had amended the complaint four times, the Court also warned that it would "not allow further amended complaints… without a showing of good cause and due diligence observed under the most stringent standards." Id. Thus, instead of ordering Plaintiffs to amend the complaint right away, the Court gave them until March 15, 2016, to conduct a limited and expedited discovery regarding the neonatologists' alleged employment relationship with MedNax and Pediatrix USA. See Cordero-Hernández v. Hernández-Ballesteros, 449 F.3d 240, 244 (1st Cir. 2006) ("a court faced with an insufficiently specific claim may permit limited discovery in order to give a plaintiff an opportunity to develop the claim and amend the complaint."). Thereafter, Plaintiffs had until March 21 to file an amended complaint with factual allegations sufficient to support a legal theory under which MedNax or

**Civil No. 13-1684 (SEC)**                                                    **Page 4**

Pediatrix USA could be deemed vicariously liable for any negligence attributable to the neonatologists.[4]

Plaintiffs did not seize the opportunity to conduct additional discovery. See Docket # 229, ¶ 5. Neither did they file an amended complaint nor showed good cause for their failure to do so. See Docket # 244. Given these shortcomings, the Court declines Plaintiffs' invitation to convert MedNax and Pediatrix USA's motion to dismiss into a motion for summary judgment. Instead, the Court ignores all materials extrinsic to the pleadings and addresses the motion to dismiss considering only the allegations in the fourth amended complaint. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("if the district court chooses… to ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard, no conversion occurs and the supplementary materials do not become part of the record for purposes of the Rule 12(b)(6) motion.").

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leader-ship Committee, 669 F. 3d 50, at 55 (1st Cir. 2012). Where, as here, a plaintiff joins multiple defendants, courts "must determine whether, *as to each defendant,* a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." Ocasio-Hernández v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011) (italics in the original) (quoting Sánchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009)). Because Plaintiffs' claims against Mednax and Pediatrix USA are grounded exclusively on the alleged status of these entities as the neonatologists' joint employers, the complaint must allege sufficient facts that, taken as true, link each of these defendants to the neonatologists through

---

[4] Mindful of the short time-frame given to conclude this limited discovery, the Court strongly encouraged the corporate defendants and all the neonatologists to cooperate fully with Plaintiffs and stated it would "not hesitate to sanction inappropriate requests or objections to the process." See Docket # 214, p. 2.

some sort of employment relationship. See Redondo Waste Sys., Inc. v. López-Freytes,
659 F.3d 136, 140 (1st Cir. 2011).

To this end, MedNax and Pediatrix USA point to several employment-law cases
that exemplify allegations sufficient to hold two or more entities jointly liable for
adverse employment actions taken against their employees. See Docket # 163, p. 7,
citing Villafañe-Colón v. B Open Enterprises, Inc., 932 F. Supp. 2d 274, 279 (D.P.R.
2013); Polo-Echevarria v. Centro Medico del Turabo, Inc., 949 F. Supp. 2d 332, 334-
35 (D.P.R. 2013); Meléndez–Fernández v. Special Care Pharmacy Services, Inc., Civil
No. 11–1662, 2012 WL 4813528. Plaintiffs counter that these cases are inapposite
because in none of them the court dismissed the complaint and because they involve
employment law rather than tort law.

Plaintiffs' first argument misses the mark. In those cases, the court determined
that the complaints contained sufficient factual allegations to establish a link between a
direct employer and other corporate affiliates. See e.g. Polo-Echevarría, 949 F. Supp.
2d at 334-35 (liability under a "joint" or "single" employer theory plausible were the
plaintiff alleged that the supervisor who sexually harassed him was an officer and the
resident agent of two corporate defendants which shared common management,
personnel practices, the same location, and were subsidiaries or affiliates of the same
parent company). The fourth amended complaint contains no allegations of this sort.

As to their second argument, the distinction between employment law and torts
does not accrue to Plaintiffs' benefit. In Puerto Rico, employers are liable for the
wrongful acts of its employees or agents regardless of whether the claims are based on
employment law, see e.g. Rosario Toledo v. Distribuidora Kikuet, Inc.,153 D.P.R. 125,
126 (2000), or tort. See P.R. Laws Ann. tit. 31, § 5142. As noted above, an employee
may be deemed to have multiple employers which may be jointly liable to him for
adverse employment actions. Yet, this does not automatically mean that each of those
entities will be jointly liable if that employee injures a third-party while performing a
task useful only to one of those entities. This is so because common management,

personnel practices, and employee policies are not usually relevant to establish the elements of a tort action. In tort, an entity is considered an employer, for purposes of attaching vicarious liability if, inter alia, it benefits from and exerts (or could exert) sufficient control over the particular task that the employee performs when he causes the injury. See e.g. Mariany v. Christy, 73 D.P.R. 782, 798 (1952) and Pérez v. Hato Rey Bld. Co., 100 D.P.R. 882, 888 (1972). The Court, however, need not dwell too much on this subject because the amended complaint is devoid of factual allegations from which to draw an inference that MedNax or Pediatrix USA were employers of the neonatologists under any of these theories.

MedNax and Pediatrix USA are mentioned only in paragraph eight of the fourth amended complaint, where Plaintiffs allege that these corporations, together with Pediatrix PR and the Pediatrix Partnership, "were at all times [relevant to] this case the employers of some or all [the] neonatologists." Docket # 130, ¶ 8. Thereafter, the complaint makes no distinction between these entities but refers to them collectively as "Pediatrix." The short of it is that because Plaintiffs do not allege facts linking MedNax and Pediatrix USA to the grounds on which each of them may be potentially liable (i.e. facts demonstrating the alleged employment relationship), as to these defendants, "[t]he complaint fails the plausibility test spectacularly." Redondo Waste Systems, 659 F.3d at 140.  Accordingly, the Court dismisses Plaintiffs' claims against MedNax and Pediatrix USA for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Alternatively, Plaintiffs' claims against MedNax and Pediatrix USA are dismissed as a sanction under Fed. R. Civ. 41(b) for failing to comply with the Court's order instructing them to file a pleading sufficient to survive the motion to dismiss. See Miranda v. United States, 105 F. App'x 280, 281 (1st Cir. 2004) ("The district court's choice of sanction, though harsh, was not an abuse of discretion given [the plaintiff's] apparent desire to stand on his defective pleading."); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992) (a plaintiff's failure to

cure a pleading deficiency after a court order to that effect, may warrant dismissal of a claim with prejudice).

The Court detains briefly to address a final matter. Shortly after the Court order allowing Plaintiffs' to conduct the limited discovery, Pediatrix PR and the Pediatrix Partnership filed a joint motion submitting the corporate disclosure statements required under Fed. R. Civ. P. 7.1. There, the Pediatrix Partnership voluntarily submitted to the Court's jurisdiction and adopted by reference "all responsive pleadings, affirmative defenses, motions and actions previously made or otherwise taken by [Pediatrix PR]. Docket # 217, ¶ 8. Simultaneously, Pediatrix PR made a perfunctory request for dismissal, arguing for the first time that "contrary to what [it] originally believed" and pursuant to the employment agreements on record, the neonatologists' employer is the Pediatrix Partnership, not Pediatrix PR. Id., ¶ 4. For the following reasons, this request is denied.

First, Pediatrix PR's request for dismissal is concealed in a non-dispositive motion whose title and content do not invite an opposing party's response. Indeed, it contains no supporting authorities in clear violation of Local Rule 7(a). The Court "need not entertain such [an] ill-developed argument[]," Perfect Puppy, Inc. v. City of E. Providence, R.I., 807 F.3d 415, 418 (1st Cir. 2015), because "developing a sustained argument out of [facts] and legal precedents is the parties' job, not the court's." Town of Norwood v. Fed. Energy Regulatory Comm'n, 202 F.3d 392, 405 (1st Cir. 2000).

Moreover, Pediatrix PR fails to explain why, despite having the employment agreements from the outset, see e.g. Docket # 228-1, p. 3, it maintained the admission that it was the neonatologists' employer for more than two years. See Docket ## 36, 75, & 217.  Contrary to MedNax and Pediatrix USA's 12(b)(6) motion, which was filed shortly after their first appearance, Pediatrix PR's concealed request for dismissal comes late in the game. To examine the sufficiency of Plaintiffs' allegations concerning an issue which Pediatrix PR admitted throughout the discovery stage "seems especially awkward because one of the main goals of the plausibility standard

**Civil No. 13-1684 (SEC)**                                              **Page 8**

is the avoidance of unnecessary discovery." <u>Grajales v. Puerto Rico Ports Auth.</u>, 682 F.3d 40, 46 (1st Cir. 2012) (questioning whether it is appropriate "to apply the plausibility standard after substantial pretrial discovery has taken place").

The Court also notes that according to codefendant PCH, the neonatology services that V.O.R. received were provided pursuant to a contractual agreement that PCH has with Pediatrix PR, not with the Pediatrix Partnership. <u>See</u> Docket # 207, ¶ 8. This suggests that Pediatrix PR is somehow related to the neonatology services provided at PCH.[5] On the other hand, Pediatrix PR's failure to explain its earlier admission at this late stage suggests that neither the neonatologists nor counsel fully understand the relationship by which these physicians provide services at PCH. Pediatrix PR's request for dismissal is thus denied.

Plaintiffs' claims against MedNax and Pediatrix USA are dismissed with prejudice. Their claims against Pediatrix PR and the Pediatrix Partnership, however, remain.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21th day of July, 2016.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[5] True, PCH's allegation is not supported by the record. <u>See</u> Docket # 165. However, two days before filing its hidden request for dismissal, Pediatrix PR—represented by the same law firm as in the instant case—answered PCH's third-party complaint in another case admitting that it is pursuant to a "professional service contract" between Pediatrix PR and PCH, that the Pediatrix Partnership provides neonatal services at PCH. <u>See</u> <u>Villamán Santiago v. Presbyterian Community Hospital, Inc.</u>, Civ. No. 15-1057 (DRD), Docket ## 43 & 51, ¶¶ 2 & 13. This suggests Pediatrix PR and the Pediatrix Partnership—which is not registered as a corporate entity in the Puerto Rico State Department's corporate registry—operate as the same entity, or at the very least that there is a relationship between Pediatrix PR and the neonatology services provided at PCH.